IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT V. BRADLEY, SR., <br>     *Plaintiff*, <br>  v. <br> ROBERT POWELL, <br>     *Defendant*. | CIVIL ACTION <br> NO. 15-04025 |

# MEMORANDUM

**PAPPERT, J.**                                  September 18, 2015

   Plaintiff Robert V. Bradley, Sr. ("Bradley") brings this action against Defendant Robert Powell ("Powell") for breach of contract and unjust enrichment. Bradley claims that Powell called him on August 1, 2014, soliciting a loan for $200,000 with a promise to repay. (Compl. ¶ 5.) When Powell failed to reimburse Bradley pursuant to their oral contract, Bradley sued him in the Delaware County Court of Common Pleas. (*Id*. ¶¶ 4, 6.) Powell removed the action to this Court on July 21, 2015 pursuant to 28 U.S.C. §§ 1441, 1446. (Not. Removal ¶ 1, ECF No. 1.) The Court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332(a) since Bradley is alleged to be a Pennsylvania citizen (Compl. ¶ 1), Powell a Virginia citizen (*id*. ¶ 2), and the amount in controversy is $200,000. (*Id*. ¶¶ 5, 14.)

   Before the Court is Powell's Motion to Dismiss Pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (ECF No. 2.) Bradley filed a response in opposition (ECF No. 4), and Powell replied in support. (ECF No. 5.) For the following reasons, the Court denies the Motion without prejudice and provides Bradley the opportunity to conduct jurisdictional discovery.

**I.**

Powell moves to dismiss the complaint on the ground that this Court lacks personal jurisdiction over him. Powell argues that he is a resident of Virginia and has not conducted business on his own behalf in Pennsylvania in the last thirty years. (Mot. Dismiss 2.) Powell is President and Managing Member of ISObunkers LLC ("ISO"), a Virginia limited liability company, which is currently involved in a dispute with Best Price Oil Corp. ("BPO"), a New York corporation owned in part by Bradley. (*Id.*) This dispute has led to litigation currently pending in the United States District Court for the Southern District of New York. *See ISObunkers LLC v. Best Price Oil Corp.*, No. 7:14-cv-08375 (S.D.N.Y.). Powell maintains that the only contacts between him and Bradley have been related to a loan between ISO and BPO and that all business contacts between them have occurred in states other than Pennsylvania. (Mot. Dismiss 6.) Powell attaches an affidavit in support of his Motion, in which he avers:

> 2. I have been a resident of the Commonwealth of Virginia for over 30 years.
>
> 3. I have not conducted any business on my own behalf in the Commonwealth of Pennsylvania for over thirty years.
>
> 4. I have not entered the Commonwealth of Pennsylvania to engage in any business transactions on my own behalf in over thirty years.
>
> 5. I am the President and Managing Member of ISO Bunkers LLC ("ISO"), a Virginia limited liability company with its principal place of business located in Norfolk, Virginia.
>
> 6. ISO is currently involved in a dispute with Best Price Oil Corp. ("BPO"), a New York corporation.
>
> 7. Robert V. Bradley, Sr. ("Bradley"), the plaintiff in the Delaware County Action filed against me ("State Court Action") is an owner of BPO.

> 8. A dispute between ISO and BPO is pending in the United States District Court for the Southern District of New York, Index No. 14-cv-8375.
>
> 9. All of the contacts and business relationships between ISO and BPO occurred in states other than the Commonwealth of Pennsylvania.
>
> 10. The only business transactions I entered into with Bradley in recent years relate to a loan for the benefit of ISO that was made in Virginia, and the BPO business in NY. All my business contacts with Bradley have occurred in states other than the Commonwealth of Pennsylvania.

(Mot. Dismiss, Ex. C.)

Bradley responds that the Court holds personal jurisdiction over Powell because his solicitation of the loan was "purposefully directed" at Bradley, a Pennsylvania resident. (Opp'n Mot. Dismiss 6.)[1] As proof, Bradley attaches three exhibits to his opposition brief: (1) an affidavit, wherein Bradley attests that he "received a telephone call from Robert Powell, the Defendant, soliciting a loan from me in the amount of two hundred thousand dollars"; (2) a copy of a check for $200,000 from Bradley paid to Powell dated August 1, 2014; and (3) ISO's registration with the Pennsylvania Department of State reflecting that ISO is registered to do business in Pennsylvania as a "active" but "foreign" limited liability company. (Opp'n Mot. Dismiss, Exs. A-C.) In his affidavit, Bradley attests:

> 2. I have been a resident of the Commonwealth of Pennsylvania for over 30 years.
>
> 3. On or about August 1, 2014, I received a telephone call from Robert Powell, the Defendant, soliciting a loan from me in the amount of two hundred thousand dollars ($200,000.00.) [sic]
>
> 4. I agreed to loan Mr. Powell the money with the understanding that it would be paid back within ninety (90) days from when he received the check.

---

[1] As Bradley's opposition brief lacks pagination, all citations to Bradley's opposition brief in this memorandum will refer to page numbers assigned by the Court's electronic filing system.

> 5. Mr. Powell has failed to reimburse me for the money I loaned him.

(Opp'n Mot. Dismiss, Ex. A.)

In reply, Powell argues that Bradley has not met his burden to establish that personal jurisdiction exists. (Reply in Supp. Mot. Dismiss 2-3.) Powell points out that Bradley does not dispute that the only business contacts between the parties have occurred outside of Pennsylvania and that Bradley "has offered no evidence that he was in Pennsylvania at the time [Powell] allegedly solicited him for a loan." (*Id*. at 2.) Powell contends that Bradley is trying to improperly premise personal jurisdiction solely on the fact that Bradley is a Pennsylvania resident. (*Id*.)

## II.

In reviewing a motion to dismiss under Rule 12(b)(2), the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted). A motion made pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings," *i.e.*, "whether *in personam* jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the defense has been raised, "then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone." *Id*. (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.,* 673 F.2d 700 (3d Cir. 1982)). The plaintiff must instead offer evidence that establishes with reasonable particularity the existence of sufficient contacts between the defendant and the forum state to support jurisdiction. *See Carteret Sav. Bank v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992);

*Provident Nat. Bank v. Cal. Fed. Sav. & Loan Assoc.,* 819 F.2d 434, 437 (3d Cir.1987). When affidavits accompany the parties' briefs, factual discrepancies are generally reconciled in favor of the non-moving party, who bears the burden of establishing jurisdiction. *Pennebacker v. Wayfarer Ketch Corp.,* 777 F. Supp. 1217, 1219 (E.D. Pa. 1991).

### III.

Under Federal Rule of Civil Procedure 4(e), a district court may assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the forum state. Fed. R. Civ. P. 4(e). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). Accordingly, in determining whether personal jurisdiction exists over Powell, the Court must ask whether, under the Due Process Clause, Powell has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316-17 (3d Cir. 2007) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

Under the Due Process Clause, two types of personal jurisdiction exist: general jurisdiction and specific jurisdiction. General jurisdiction lies when the defendant maintains "continuous and systematic" contacts with the forum, regardless of whether the "plaintiff's cause of action arises from the defendant's non-forum related activities." *Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir. 2001). Specific jurisdiction lies when the "non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz,* 270 F.3d 144, 150 (3d Cir. 2001) (citing

5

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).  Here, Bradley appears to argue that this Court has specific jurisdiction over Powell.  (Opp'n Mot. Dismiss 4-6.)

To establish specific jurisdiction, the plaintiff must satisfy a three-prong test.  First, the defendant must have "purposefully directed [his] activities" at the forum.  *O'Connor,* 496 F.3d at 317 (citing *Burger King Corp.,* 471 U.S. at 472).  Second, the litigation must "arise out of or relate to" at least one of those activities.  *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Grimes v. Vitalink Commc'ns Corp.,* 17 F.3d 1553, 1559 (3d Cir. 1994)).  Third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  *Id*. (citing *Burger King Corp.,* 471 U.S. at 476).

The Court finds that Bradley has failed to meet his burden of proof to establish that sufficient contacts exist between Powell and Pennsylvania to support personal jurisdiction.[2]  A careful reading of Bradley's affidavit shows that Bradley does not actually state that he was in Pennsylvania when he received the phone call from Powell on August 1, 2014.  (*See* Opp'n Mot. Dismiss, Ex. A.)  Instead, Bradley merely avers that he is a Pennsylvania resident and that

---

[2]   Bradley's attachment of ISO's registration with the Pennsylvania Department of State does not constitute a contact *Powell had* with Pennsylvania.  By registering as a foreign company with the Pennsylvania Department of State, ISO did likely consent to personal jurisdiction in Pennsylvania.  *See Roberts v. Caesars Entm't, Inc.*, No. 11-cv-3805, 2011 WL 6088651, at *2 (E.D. Pa. Dec. 7, 2011) ("Our Court of Appeals has held that Pennsylvania courts may exercise general personal jurisdiction over a corporation based solely on the fact that the corporation registered as a foreign corporation with the Pennsylvania Department of State.") (citing *Bane v. Netlink, Inc.,* 925 F.2d 637, 641 (3d Cir. 1991)).  However, ISO as a Virginia limited liability company and Powell as its President and Managing Member are distinct legal entities as a matter of law.  *See In re White*, 412 B.R. 860, 864 (Bankr. W.D. Va. 2009) ("In Virginia, a limited liability company is a legal entity separate and distinct from its members.") (citing *UCA, L.L.C. v. Lansdowne Cmty. Dev. LLC,* 215 F. Supp. 2d 742, 756 (E.D. Va. 2002)).  Bradley sues Powell here in his individual capacity, and in fact the copy of Bradley's $200,000 check shows that the money was paid to Powell directly; Bradley has produced no evidence that ISO was involved with the loan at issue here.  (Compl. ¶ 2; Opp'n Mot. Dismiss, Ex. B.)  Bradley provides no authority, and this Court is aware of none, which would allow the Court to impute the ISO's jurisdictional consent to Powell when he is being sued for breach of contract in his individual capacity.  *Cf. Waimberg v. Med. Transp. of Am., Inc.*, 52 F. Supp. 2d 511, 517 (E.D. Pa. 1999) ("[I]ndividuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts.") (citing *Elbeco, Inc. v. Estrella de Plato Corp.,* 989 F. Supp. 669, 676 (E.D. Pa. 1997)).  Accordingly, ISO's registration with the Pennsylvania Department of State does not affect the Court's analysis of the contacts Powell had with Pennsylvania for the purpose of establishing personal jurisdiction over Powell.

Powell called him soliciting a loan on August 1, 2014. (*Id*.) This evidence is insufficient to establish personal jurisdiction over Powell because the Third Circuit has made clear that "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *O'Connor*, 496 F.3d at 317 (citing *Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 542-43 (3d Cir. 1985)). Furthermore, the "fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Without more information, the Court cannot determine on the record before it whether Powell's solicitation of Bradley for a loan subjects him to specific jurisdiction in Pennsylvania. *See Lehigh Gas Wholesale, LLC v. LAP Petroleum, LLC*, No. 14-cv-5536, 2015 WL 1312213, at *3 (E.D. Pa. Mar. 23, 2015) ("In evaluating jurisdiction over a contractual dispute, I must consider the totality of the circumstances, including 'the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing.' Requisite contacts may also include 'contemplated future consequences.'") (quoting *Remick,* 238 F.3d at 256; *Mellon Bank (E.) PSFS, Nat. Ass'n,* 960 F.2d at 1223).

Although Bradley has not met his burden, the Court is mindful that the Third Circuit has instructed that "[w]here the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging [his] burden." *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983); *cf. Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). The Court is also aware that "communications sent by a defendant into the forum either by mail or telephone [can] count toward the minimum contacts required to

7

establish personal jurisdiction." *Leone v. Cataldo*, 574 F. Supp. 2d 471, 479 (E.D. Pa. 2008) (citing *Grand Entm't Group v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993)).  And a "single contact may be sufficient to subject a party to personal jurisdiction, particularly if the 'contacts evaluated are those that give rise to the litigation.'" *Waimberg v. Med. Transp. of Am., Inc.*, 52 F. Supp. 2d 511, 515 (E.D. Pa. 1999) (citing *Grand Entm't Grp., Ltd.*, 988 F.2d at 483); *accord Lehigh Gas Wholesale, LLC*, 2015 WL 1312213, at *3 ("'[C]ourts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach.'") (quoting *Gen. Elec. Co.,* 270 F.3d at 150).

      On the present record, the Court cannot conclude that Bradley's claims against Powell are clearly frivolous.  A plaintiff's jurisdictional claim is "clearly frivolous" where the plaintiff only makes "a mere unsupported allegation that the defendant 'transacts business' in an area." *Mass. Sch. of Law at Andover v. Am. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997).  Conversely, here, Bradley does not make vague and boilerplate claims, but specifically alleges that Powell called him personally to solicit him for a loan.  It is unclear from Bradley's affidavit whether his failure to expressly state that he was geographically within Pennsylvania when he received Powell's call was deliberate or merely an oversight.  If it was an oversight and Bradley was actually in Pennsylvania when he received the call, then Powell's call may suffice to establish that he has minimum contacts with Pennsylvania.  *See, e.g., Gentex Corp. v. Abbott*, 978 F. Supp. 2d 391, 399 (M.D. Pa. 2013) (finding personal jurisdiction where "Defendant Abbott engaged in telephone contacts with an individual soliciting the allegedly infringing products while Defendant was aware the individual was in Pennsylvania."); *Waimberg v. Med. Transp. of Am., Inc.*, 52 F. Supp. 2d 511, 516 (E.D. Pa. 1999) (finding personal jurisdiction where the "plaintiff was contacted in Pennsylvania at the behest of GTCR and MTA; he received transmissions in

8

Pennsylvania assuring him of GTCR's involvement in the project; the offer letter was faxed to him and signed by him in Pennsylvania."). The Court therefore finds that jurisdictional discovery is warranted in this case.[3]  *See Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 213 (3d Cir. 2013) (finding the district court abused its discretion in not allowing jurisdictional discovery where plaintiffs' claims were not clearly frivolous). Powell's Motion is accordingly denied without prejudice to allow the parties thirty days to engage in jurisdictional discovery. At the close of jurisdictional discovery, Powell may renew his Motion.

    An appropriate order follows.

                                                /s/ Gerald J. Pappert
                                                GERALD J. PAPPERT, J.

---

[3] Bradley proffers that Powell solicited another Pennsylvania resident, Mr. Charles Joanedis, for a loan and that this second loan helps establish Powell's minimum contacts with Pennsylvania. (Opp'n Mot. Dismiss 6 & Ex. A ¶¶ 6-7.) The Court disagrees for two reasons. First, Bradley again has failed to clarify in his affidavit whether Mr. Joanedis was located in Pennsylvania when Powell solicited him. (*Id.*) Thus, Mr. Joanedis' loan fails to establish minimum contacts for the same reason that Bradley's loan does. Second, Bradley also fails to show that his dispute with Powell "arise[s] out of or relate[s] to" Mr. Joanedis' loan; therefore, Powell's solicitation of Mr. Joanedis does not satisfy the second prong of the specific jurisdiction test. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Should jurisdictional discovery reveal that both Bradley and Mr. Joanedis were within Pennsylvania when Powell solicited them, the Court expresses no opinion on whether these solicitations would amount to the sort of "continuous and systematic" contacts required to subject Powell to general jurisdiction in Pennsylvania. *See Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir. 2001).