IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT V. BRADLEY, SR.,

        *Plaintiff*,

v.

ROBERT POWELL,

        *Defendant*.

CIVIL ACTION
NO. 15-04025

**MEMORANDUM**

**PAPPERT, J.**                                                                                                          April 7, 2016

      The Court's September 18, 2015 Memorandum and Order (ECF Nos. 6–7) denied without prejudice Powell's first motion to dismiss (ECF No. 2) pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  *See Bradley v. Powell*, No. 15-04025, 2015 WL 5544507, at *1, *5 (E.D. Pa. Sept. 18, 2015).  The Court, mindful that the Third Circuit Court of Appeals has instructed that "[w]here the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging [his] burden," allowed Bradley one month to conduct jurisdictional discovery, after which Powell could renew his motion to dismiss.  *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983).  After Bradley conducted jurisdictional discovery, Powell renewed his motion to dismiss for lack of personal jurisdiction on October 29, 2015.  (ECF No. 8.)  Bradley responded on November 10, 2015.  (Pl.'s Resp., ECF No. 9.)

**I.**

      Once a defendant raises the personal jurisdiction defense, "then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone." *Time Share Vacation Club*

1

*v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)).  Under Federal Rule of Civil Procedure 4(k), a district court typically exercises personal jurisdiction according to the law of the state where it sits.  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).  Pennsylvania's long-arm statute permits the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b).

Under the Due Process Clause of the Fourteenth Amendment, two types of personal jurisdiction exist: general jurisdiction and specific jurisdiction.  Bradley argues that this Court has specific jurisdiction over Powell.  *Bradley*, 2015 WL 5544507, at *3.  To establish specific jurisdiction, the plaintiff must satisfy a three-prong test: (1) the defendant must have "purposefully directed [his] activities" at the forum; (2) the litigation must "arise out of or relate to" at least one of those activities; and (3) if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citations and internal quotation marks omitted); *see also O'Connor*, 496 F.3d at 317.

The Third Circuit has stated that "communications sent by a defendant into the forum either by mail or telephone [can] count toward the minimum contacts required to establish personal jurisdiction."  *Leone v. Cataldo*, 574 F. Supp. 2d 471, 479 (E.D. Pa. 2008) (citing *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993)).  Moreover, a "single contact may be sufficient to subject a party to personal jurisdiction, particularly if the

'contacts evaluated are those that give rise to the litigation.'" *Waimberg v. Med. Transp. of Am., Inc.*, 52 F. Supp. 2d 511, 515 (E.D. Pa. 1999) (citations omitted).

## II.

Bradley's revised affidavit, attached as an exhibit to his response, states that he was "in the Commonwealth of Pennsylvania" when he "received the call" from Powell "soliciting a loan from [him] in the amount of two hundred thousand dollars ($200,000.00.)." (Pl.'s Resp. at Ex. A ¶¶ 4–5, ECF No. 9.) Furthermore, the affidavit states that "[p]ursuant to the Promissory Note, the place for payment is 222 W. Plumstead Ave, Lansdowne, Pennsylvania 19050." (*Id.* ¶ 7–8.) Bradley alleges that Powell failed to reimburse him in accordance with their oral contract and has brought two separate causes of action: breach of contract and unjust enrichment. (Notice of Removal at Ex. A ¶¶ 5–6, 7–17, ECF No. 1.)

This is sufficient to find that the first two prongs for specific jurisdiction are satisfied, as Powell's phone call to Bradley in Pennsylvania gave rise to this litigation. *See, e.g.*, *Gentex Corp. v. Abbott*, 978 F. Supp. 2d 391, 399 (M.D. Pa. 2013) (finding personal jurisdiction where "Defendant Abbott engaged in telephone contacts with an individual soliciting the allegedly infringing products while Defendant was aware the individual as in Pennsylvania"); *Waimberg v. Med. Transp. Of Am., Inc.*, 52 F. Supp. 2d 511, 516 (E.D. Pa. 1999) (finding personal jurisdiction where the "plaintiff was contacted in Pennsylvania at the behest of GTCR and MTA; he received transmissions in Pennsylvania assuring him of GTCR's involvement in the project; the offer letter was faxed to him and signed by him in Pennsylvania"). Third, the Court's determination that minimum contacts exist comports with "traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 317; *see also Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149

F.3d 197, 207 (3d Cir. 1998) (noting that if minimum contacts are present, then jurisdiction will be unreasonable only in "rare cases").

None of the "fairness factors"—"the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental social policies"—suggest that exercising jurisdiction would be unreasonable in this case. *Pennzoil Products Co.*, 149 F.3d at 207–08. "This is not a case where a severe burden is placed on an alien defendant as in *Asahi* [*Metal Industry Co. v. Superior Court*, 480 U.S. 102, 114 (1987)]. Nor does this case involve one isolated occurrence where the defendant had no connection with the forum state, as in *World-Wide Volkswagen* [*v. Woodson*, 444 U.S. 286, 288 (1980)]." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 702 (3d Cir. 1990). An appropriate order follows.

                                                     BY THE COURT:

                                                     */s/ Gerald J. Pappert*
                                                     GERALD J. PAPPERT, J.